IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| JEFFERY ADAMS, JR., | : | |
| | : | |
| Petitioner | : | |
| | : | |
| | : | |
| VS. | : | **1 : 08-CV-174 (WLS)** |
| | : | |
| Sheriff JOHNNY DAUGHTRY and | : | |
| Comm'r. JAMES E. DONALD, | : | PROCEEDINGS UNDER 28 U.S.C. §2254 |
| | : | BEFORE THE U. S. MAGISTRATE JUDGE |
| | : | |
| Respondents | : | |

# RECOMMENDATION

Currently pending in this § 2254 action is the respondent Commissioner's Motion to Dismiss the petition of Jeffery Adams. Jr. as untimely. Tab #11. The respondent contends that petitioner Adams filed this federal habeas corpus petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). This federal petition was filed on December 24, 2008.

Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28 U.S.C. § 2241 *et seq,* a one-year statute of limitations applies to federal habeas corpus petitions, running from the latest of several events. Section 2241(d)(1)(A) requires a prisoner to file a habeas corpus petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review". The Act further provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." § 2244 (d)(2).

Petitioner Adams pled guilty to two (2) counts of burglary and one (1) count of theft by taking in the Superior Court of Miller County on October 23, 2003.  He did not file a direct appeal or a state habeas petition attacking his convictions.

A review of the record herein reveals that the filing of this federal habeas corpus petition was clearly untimely.  The petitioner did not file a direct appeal of his conviction, making it final on or about November 23, 2003, the date on which the 30-day period for filing a notice of appeal expired.[1]  Pursuant to 28 U.S.C. § 2244(d), petitioner then had one year from November 23, 2003, in which to file his federal petition or toll the limitations period by filing a state habeas corpus petition.  Petitioner Adams did not file a state habeas corpus petition and did not file this federal habeas corpus petition until December 24, 2008.  The court notes that the tolling provision of § 2244(d)(2) therefore does not protect the petitioner herein.  See, e.g., Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); Morris v. Hargett, 1998 WL 856144 (10th Cir. (Okla.)).

Accordingly, it is the recommendation of the undersigned that the respondent's Motion to Dismiss be **GRANTED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, **WITHIN TEN (10) DAYS** of receipt thereof.

SO RECOMMENDED, this 16th day of NOVEMBER, 2009.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

asb

---

[1] Although, as the respondent points out, Georgia law does not provide for an automatic right to a direct appeal from a guilty plea, had petitioner wished to pursue an appeal, his appeal would have been governed by the thirty (30) day deadline set out in O.C.G.A. § 5-6-38.